IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

MICHAEL E. BEATTY, M.D. d/b/a THE        )
SOUTHWESTERN ILLINOIS PLASTIC &          )
HAND SURGERY ASSOCIATES, individually    )
and as the Representative of a class of similarly- )
situated persons,                        )
                                         )
                  Plaintiffs,            )
                                         )
vs.                                      )        NO:  3:17-cv-01001
                                         )
ACCIDENT FUND GENERAL INSURANCE          )
COMPANY; ACCIDENT FUND INSURANCE         )
COMPANY OF AMERICA; ACCIDENT FUND        )
NATIONAL INSURANCE COMPANY;              )
ACUITY, A MUTUAL INSURANCE               )
AMERICAN COMPENSATION INSURANCE          )
COMPANY; AMERICAN ZURICH                 )
INSURANCE COMPANY; AMERISURE             )
MUTUAL INSURANCE COMPANY; AUTO           )
OWNERS INSURANCE COMPANY;                )
BERKSHIRE HATHAWAY HOMESTATE             )
INSURANCE COMPANY; BROADSPIRE            )
SERVICES INC.; CANNON COCHRAN            )
MANAGEMENT SERVICES, INC.;               )
CONSTITUTION STATE SERVICES, LLC;        )
CHUBB INDEMNITY INSURANCE                )
COMPANY; COMMERCE AND INDUSTRY           )
INSURANCE COMPANY, INC;                  )
CONTINENTAL CASUALTY COMPANY, INC.; )
AMERICAN CASUALTY COMPANY OF             )
READING PENNSYLVANIA; CORPORATE          )
CLAIMS MANAGEMENT, INC; COUNTRY          )
MUTUAL INSURANCE COMPANY;                )
CREATIVE RISK SOLUTIONS LLC; ESIS, INC; )
FEDERATED MUTUAL INSURANCE               )
COMPANY; FIREMAN'S FUND INSURANCE        )
COMPANY; FIRST LIBERTY INSURANCE         )
CORPORATION; GENERAL CASUALTY            )
COMPANY OF WISCONSIN; GALLAGHER          )
BASSETT SERVICES, INC; HARTFORD          )
ACCIDENT & INDEMNITY COMPANY;            )
HARTFORD CASUALTY INSURANCE              )

1

COMPANY; HARTFORD FIRE INSURANCE      )
COMPANY, INC.; HARTFORD INSURANCE      )
COMPANY OF ILLINOIS; HARTFORD            )
INSURANCE COMPANY OF THE MIDWEST;    )
HARTFORD UNDERWRITERS INSURANCE       )
COMPANY; ILLINOIS NATIONAL                )
INSURANCE COMPANY; INDEMNITY            )
INSURANCE COMPANY OF NORTH              )
AMERICA; INSURANCE COMPANY OF THE     )
STATE OF PENNSYLVANIA; LIBERTY          )
MUTUAL INSURANCE COMPANY; NEW          )
HAMPSHIRE INSURANCE COMPANY;           )
OLD REPUBLIC INSURANCE COMPANY;        )
PMA COMPANIES; PERKIN INSURANCE        )
COMPANY; QBE INSURANCE COMPANY;        )
SEDGWICK CLAIMS MANAGEMENT             )
SERVICES, INC.; SENTRY CASUALTY          )
COMPANY; SYNERGY INSURANCE             )
COMPANY; TRAVELERS PROPERTY &          )
CASUALTY COMPANY OF AMERICA;           )
TRISTAR INSURANCE GROUP, INC.; AND     )
ZURICH AMERICAN INSURANCE COMPANY  )
                                        )
            Defendants.                 )

## CLASS ACTION COMPLAINT
## FOR DAMAGES, PUNITIVE DAMAGES, AND INJUNCTIVE RELIEF

Plaintiff brings this Complaint against Defendants and in support states and alleges as follows:

1.      Plaintiff brings this action individually and on behalf of a class of similarly situated physicians seeking redress for the Defendants' failure and refusal to pay interest due under the Illinois Workers' Compensation Act, which has resulted in a loss of his property and a detriment to his business.

2.      Plaintiff, individually and on behalf of the proposed class, is motivated by his belief that Defendants' practices as set forth below are detrimental to the health of his patients and to the welfare of the general public.  By taking funds that have been rightfully earned by him

2

and diverting them to their own use, Defendants deprive him of the adequate and timely payments he needs to maintain his practice.

3.      Illinois physicians who render services to patients covered under the provisions of the Illinois Workers' Compensation Act, 820 ILCS 305, *et seq*., hereinafter the "Act," are entitled to be compensated for their services pursuant to the provisions of 820 ILCS 305/8.2.

4.      As part of that compensation, physicians are entitled to receive interest on their unpaid bills as set forth in 820 ILCS 305/8.2(d)(1-3), hereinafter "statutory interest."

5.      Defendants systematically and routinely fail and refuse to make these interest payments due doctors as required by the statute.

6.      Plaintiff, individually and on behalf of the proposed class, asserts claims under the Illinois Consumer Fraud Act (ICFA) to recover past due interest and seeks injunctive relief and punitive damages to compel Defendants to cease violating the Act.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§1332(d).  The provisions of the Class Action Fairness Act explicitly provide for the original jurisdiction in the federal courts of any class action in which any member of the Plaintiff class is a citizen of a State different from any Defendant, and in which the matter in controversy exceeds the aggregate sum of $5,000,000, exclusive of interest and costs, unless the number of members of all proposed class members in the aggregate is less than 100.

8.      Defendants are subject to personal jurisdiction in Illinois.  Defendants are authorized to conduct business in Illinois, conduct substantial and continuing business in Illinois, derive substantial economic profits from Illinois, and committed tortious acts in Illinois.

9.      Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## PARTIES

## THE INDIVIDUALLY NAMED PLAINTIFF

10.    Plaintiff Michael E. Beatty, M.D., a plastic surgeon, is a resident of Illinois and a citizen of the United States with his principal place of business in Madison County, Illinois. During material times herein, Dr. Beatty provided medical services to patients for work-related injuries, said patients being covered under the provisions of the Act.

## DEFENDANTS

11.    Defendants are corporations who, at all times pertinent herein, are either: authorized to and have issued Workers' Compensation Insurance Policies in Illinois covering workers employed in Illinois or Third Party Administrators (TPAs) employed by Illinois employers to administer Illinois workers' compensation claims of their employees or claims adjusting companies (CACs) employed by insurance carriers or TPAs to administer Illinois workers' compensation claims in consequence of which they are subject to the provisions of the Act.

12.    Accident Fund General Insurance Company is incorporated in the State of Michigan.

13.    Accident Fund General Insurance Company's principal place of business is located at 200 North Grand Avenue, PO Box 40790, Lansing, Michigan 48901.

14.    Accident Fund Insurance Company of America is incorporated in the State of Michigan.

15.    Accident Fund Insurance Company of America's principal place of business is located at 200 North Grand Avenue, PO Box 40790, Lansing, Michigan 48901.

4

16.     Accident Fund National Insurance Company is incorporated in the State of Michigan.

17.     Accident Fund National Insurance Company's principal place of business is located at 200 North Grand Avenue, PO Box 40790, Lansing, Michigan 48901.

18.     Acuity, A Mutual Insurance Company is incorporated in the State of Wisconsin.

19.     Acuity, A Mutual Insurance Company's principal place of business is located at 2800 South Taylor Drive, Sheboygan, Wisconsin, 53081.

20.     American Compensation Insurance Company is incorporated in the State of Minnesota.

21.     American Compensation Insurance Company's principal place of business is located at 8500 Normandale Boulevard, Minneapolis, Minnesota, 55437.

22.     American Zurich Insurance Company is incorporated in the State of Illinois.

23.     American Zurich Insurance Company's principal place of business is located at 1299 Zurich Way, Schaumburg, Illinois 60196.

24.     Amerisure Mutual Insurance Company is incorporated in the State of Michigan.

25.     Amerisure Mutual Insurance Company's principal place of business is located at 26777 Halsted Road, Farmington Hills, Michigan 48331.

26.     Auto Owners Insurance Company is incorporated in the State of Michigan.

27.     Auto Owners Insurance Company's principal place of business is located at 6101 Anacapri Boulevard, Lansing, Michigan 48917.

28.     Berkshire Hathaway Homestate Insurance Company is incorporated in the State of Nebraska.

29.     Berkshire Hathaway Homestate Insurance Company's principal place of business is located at 9290 West Dodge Road, Suite 300, Omaha, Nebraska 68114.

30.     Broadspire Services, Inc. is incorporated in the State of Delaware.

31.     Broadspire Services, Inc.'s principal place of business is located at 1001 Summit Boulevard, Suite 500, Atlanta, Georgia 30319.

32.     Cannon Cochran Management Services, Inc. is incorporated in the State of Delaware.

33.     Cannon Cochran Management Services, Inc.'s principal place of business is located at 2 East Main Street, Towne Centre Building, Danville, Illinois 61834.

34.     Constitution State Services, LLC is incorporated in the State of Delaware.

35.     Constitution State Services, LLC's principal place of business is located at 1 Tower Square, Hartford, Connecticut 06183.

36.     Chubb Indemnity Insurance Company is incorporated in the State of New York.

37.     Chubb Indemnity Insurance Company's principal place of business is located at 15 Mountainview Road, Warren, New Jersey 07059.

38.     Commerce and Industry Insurance Company, Inc. is incorporated in the State of Delaware.

39.     Commerce and Industry Insurance Company, Inc.'s principal place of business is located at 175 Water Street, 18th Floor, New York, New York 10038.

40.     Continental Casualty Company, Inc. is incorporated in the State of Illinois.

41.     Continental Casualty Company, Inc.'s principal place of business is located at 333 South Wabash Avenue, Chicago, Illinois 60604.

42.     American Casualty Company of Reading Pennsylvania is incorporated in the State of Pennsylvania.

43.     American Casualty Company of Reading Pennsylvania's principal place of business is located at 333 S. Wabash Avenue, Chicago, Illinois 60604.

44.     Corporate Claims Management, Inc. is incorporated in the State of Delaware.

45.     Corporate Claims Management, Inc.'s principal place of business is located at 782 Spirit 40 Park Drive, Chesterfield, Missouri 63005.

46.     Country Mutual Insurance Company is incorporated in the State of Illinois.

47.     Country Mutual Insurance Company's principal place of business is located at 1701 North Towanda Avenue, Bloomington, Illinois 61701.

48.     Creative Risk Solutions, LLC is incorporated in the State of Iowa.

49.     Creative Risk Solutions, LLC's principal place of business is located at 3001 Weston Parkway, West Des Moines, Iowa 50266.

50.     Esis, Inc. is incorporated in the State of Pennslyvania.

51.     Esis, Inc.'s principal place of business is located at 436 Walnut Street, Philadelphia, Pennsylvania 19106.

52.     Federated Mutual Insurance Company is incorporated in the State of Minnesota.

53.     Federated Mutual Insurance Company's principal place of business is located at 121 East Park Square, Owatonna, Minnesota 55060.

54.     Fireman's Fund Insurance Company is incorporated in the State of California.

55.     Fireman's Fund Insurance Company's principal place of business is located at 225 West Washington Street, Suite 1800, Chicago, Illinois 60606.

56.     First Liberty Insurance Corporation is incorporated in the State of Illinois.

57.     First Liberty Insurance Corporation's principal place of business is located at 175 Berkeley Street, Boston, Massachusetts 02116.

58.     General Casualty Company of Wisconsin is incorporated in the State of Wisconsin.

59.     General Casualty Company of Wisconsin's principal place of business is located at One General Drive, Sun Prairie, Wisconsin, 53596.

60.     Gallagher Bassett Services, Inc. is incorporated in the State of Delaware.

61.     Gallagher Bassett Services, Inc.'s principal place of business is located at 2 Pierce Place, Suite 100, Itasca, Illinois 60143.

62.     Hartford Accident and Indemnity Company is incorporated in the State of Connecticut.

63.     Hartford Accident and Indemnity Company's principal place of business is located at One Hartford Plaza, Hartford, Connecticut 06155.

64.     Hartford Casualty Insurance Company is incorporated in the State of Indiana.

65.     Hartford Casualty Insurance Company's principal place of business is located at 501 Pennsylvania Parkway, Suite 400, Indianapolis, Indiana 46280.

66.     Hartford Fire Insurance Company, Inc. is incorporated in the State of Connecticut.

67.     Hartford Fire Insurance Company, Inc.'s principal place of business is located at One Hartford Plaza, Hartford, Connecticut 06155.

68.     Hartford Insurance Company of Illinois is incorporated in the State of Illinois.

69.     Hartford Insurance Company of Illinois' principal place of business is located at 4245 Meridian Parkway, Suite 101, Aurora, Illinois 60504.

70.     Hartford Insurance Company of the Midwest is incorporated in the State of Indiana.

71.     Hartford Insurance Company of the Midwest's principal place of business is located at 501 Pennsylvania Parkway, Suite 400, Indianapolis, Indiana 43280.

72.     Hartford Underwriters Insurance Company is incorporated in the State of Connecticut.

73.     Hartford Underwriters Insurance Company's principal place of business is located at One Hartford Plaza, Hartford, Connecticut 06155.

74.     Illinois National Insurance Company is incorporated in the State of Illinois.

75.     Illinois National Insurance Company's principal place of business is located at 175 Water Street, 18th Floor, New York, New York 10005.

76.     Indemnity Insurance Company of North America is incorporated in the State of Pennsylvania.

77.     Indemnity Insurance Company of North America's principal place of business is located at 436 Walnut Street, Philadelphia, Pennsylvania 19106.

78.     Insurance Company of the State of Pennsylvania is incorporated in the State of Pennsylvania.

79.     Insurance Company of the State of Pennsylvania's principal place of business is located at 175 Water Street, 18th Floor, New York, New York 10005.

80.     Liberty Mutual Insurance Company is incorporated in the State of Massachusetts.

81.     Liberty Mutual Insurance Company's principal place of business is located at 175 Berkeley Street, Boston, Massachusetts 02116.

82.     New Hampshire Insurance Company is incorporated in the State of New Hampshire.

83.     New Hampshire Insurance Company's principal place of business is located at 175 Water Street, 18th Floor, New York, New York 10005.

84.     Old Republic Insurance Company is incorporated in the state of Pennsylvania.

85.     Old Republic Insurance Company's principal place of business is 133 Oakland Avenue, Greensburg, Pennsylvania 15601.

86.     Pennsylvania Manufacturers' Association Insurance Company is incorporated in the State of Pennsylvania.

87.     Pennsylvania Manufacturers' Association Insurance Company's principal place of business is located at 380 Sentry Parkway, Blue Bell, Pennsylvania 19422.

88.     Pekin Insurance Company is incorporated in the State of Illinois.

89.     Pekin Insurance Company's principal place of business is located at 2505 Court Street, Pekin, Illinois 61558.

90.     QBE Insurance Corporation is incorporated in the State of Pennsylvania.

91.     QBE Insurance Corporation's principal place of business is located at 88 Pine Street, 16th Floor, New York, New York 10005.

92.     Sedgwick Claims Management Services, Inc. is incorporated in the state of Illinois.

93.     Sedgwick Claims Management Services, Inc.'s principal place of business is located at 1100 Redgeway Loop Road, Suite 200, Memphis, Tennessee 38120.

94.     Sentry Casualty Company is incorporated in the State of Wisconsin.

95.     Sentry Casualty Company's principal place of business is located at 1800 North Point Drive, Stevens Point, Wisconsin 54481.

96.     Synergy Insurance Company is incorporated in the State of North Carolina.

97.     Synergy Insurance Company's principal place of business is located at 217 South Tryon Street, Charlotte, North Carolina 28202.

98.     Travelers Property and Casualty Company of America is incorporated in Connecticut.

99.     Travelers Property and Casualty Company of America's principal place of business is located at 1 Tower Square, Hartford, Connecticut 06183.

100.    Tristar Insurance Group, Inc. is incorporated in the State of California.

101.    Tristar Insurance Group, Inc.'s principal place of business is located at 100 Oceangate, Suite 700, Long Beach, California 90802.

102.    Zurich American Insurance Company is incorporated in the State of New Jersey.

103.    Zurich American Insurance Company's principal place of business is located at 1299 Zurich Way, Schaumburg, Illinois 60196.

## FACTS COMMON TO ALL DEFENDANTS

104.    At all pertinent times herein, all Defendants are either licensed by the State of Illinois to sell, and do sell, policies of Workers' Compensation Insurance in the state of Illinois, or are TPAs or CACs who administer and/or adjust claims brought pursuant to the provisions of the Act.

105.    All Defendants have provided Workers' Compensation insurance policies covering employees who have received medical services from Plaintiff and/or members of the

proposed class or are TPAs or CACs who administer and/or adjust claims subject to the provisions of the Act.

106.    Under the provisions of 820 ILCS 305/8.2, *et seq*., Defendants are obligated to pay the charges of the treating physician (Plaintiff and the proposed class) for covered employees, including interest on medical charges as set forth in 820 ILCS 305/8.2(d)(1-3).

107.    Defendants have failed to pay interest due Plaintiff and the proposed class under 820 ILCS 305/8.2 (d)(1-3).  For example:

a.      Defendants ACCIDENT FUND GENERAL INSURANCE COMPANY, ACCIDENT FUND INSURANCE OF AMERICA and ACCIDENT FUND NATIONAL INSURANCE COMPANY  failed to pay Plaintiff statutory interest due on his charges for medical services he provided to MR on November 14, 2013 and January 22, 2014 and for medical services he provided to GR on October 9, 2012;

b.      Defendant ACUITY A MUTUAL INSURANCE COMPANY failed to pay Plaintiff statutory interest due for medical services he provided to CH on January 7 and February 10, 2015;

c.      Defendant AMERICAN COMPENSATION INSURANCE COMPANY failed to pay Plaintiff statutory interest on his charges for medical services provided to FU on March 17, 2009;

d.      Defendant AMERICAN ZURICH INSURANCE COMPANY failed to pay Plaintiff statutory interest due on his charges for medical services he provided to BK on August 3, 2011; to JE on June 21 and August 6, 2012; to JR on September 10, 2013 and to JB on December 7, 2015;

e.      Defendant AMERISURE MUTUAL INSURANCE COMPANY failed to pay Plaintiff statutory interest due on his charges for medical services he provided to JG on March 23, 2009 and May 4, 2011;

f.      Defendant AUTO OWNERS INSURANCE COMPANY failed to pay Plaintiff statutory interest due on his charges for medical services he provided to DC on June 27 and July 1, 2014;

g.      Defendant BERKSHIRE HATHAWAY HOMESTATE INSURANCE COMPANY failed to pay Plaintiff statutory interest due on his charges for medical services he provided to MV on March 4th and 6th, 2015;

h.      Defendant BROADSPIRE SERVICES INC. failed to pay Plaintiff statutory interest due on his charges for medical services he provided to DE on August 6, 2013;

g.      Defendant CANNON COCHRAN MANAGEMENT SERVICES, INC. (CCMSI) failed to pay Plaintiff statutory interest due on his charges for medical services he provided to TD on July 22 and August 7, 2013;

h.      Defendant CONSTITUTION STATE SERVICES, LLC failed to pay Plaintiff statutory interest due on his charges for medical services provided to TB between July 30, 2009 and September 8, 2011;

i.      Defendant CHUBB INDEMNITY INSURANCE COMPANY failed to pay Plaintiff statutory interest due on his charges for medical services he provided to DC on January 12, 2010 and to NM on July 9, 2013 and October 7, 2014;

j.      Defendant COMMERCE AND INDUSTRY INSURANCE COMPANY failed to pay Plaintiff statutory interest due on his charges for medical services he provided to WB on June 29, 2016 and to ML on May 7, 2012;

k.      Defendants CONTINENTAL CASUALTY COMPANY AND

AMERICAN CASUALTY COMPANY OF READING PENNSYLVANIA failed to pay

Plaintiff statutory interest due on his charges for medical services he provided to PB on October

28, 2015;

l.      Defendant CORPORATE CLAIMS MANAGEMENT, INC. failed to pay

Plaintiff statutory interest due on his charges for medical services he provided to LG on

November 19, 2013 and November 19, 2014;

m.      Defendant COUNTRY MUTUAL INSURANCE COMPANY failed to

pay Plaintiff statutory interest due on his charges for medical services he provided to FV May

29, 2007;

n.      Defendant CREATIVE RISK SOLUTIONS failed to pay Plaintiff

statutory interest due on his charges for medical services he provided to RD on April 28, 2014

and February 2, 2015;

o.      Defendant ESIS, INC. failed to pay Plaintiff statutory interest due on his

charges for medical services he provided to KL on July 21, and October 29, 2014, to RH on

August 19 and September 15, 2015 and to TJ on August 9, 2015;

p.      Defendant FEDERATED MUTUAL INSURANCE COMPANY failed to

pay Plaintiff statutory interest due on his charges for medical services he provided to BB on

October 11, 2010 and April 7, 2011;

q.      Defendant FIREMANS FUND INSURANCE COMPANY failed to pay

Plaintiff statutory interest due on his charges for medical services he provided to MR on March

26, 2007;

r. Defendant FIRST LIBERTY INSURANCE CORPORATION failed to pay Plaintiff statutory interest due on his charges for medical services he provided to JH on November 30, 2012;

s. Defendant GENERAL CASUALTY COMPANY OF WISCONSIN failed to pay Plaintiff statutory interest due on his charges for medical services he provided to AM on August 17, 2015;

t. Defendant GALLAGHER BASSETT SERVICES, INC. failed to pay Plaintiff statutory interest due on his charges for medical services he provided to JD on January 20, 2014;

u. Defendants HARTFORD ACCIDENT & INDEMNITY COMPANY, HARTFORD CASUALTY INSURANCE COMPANY, HARTFORD FIRE INSURANCE COMPANY, HARTFORD INSURANCE COMPANY OF ILLINOIS, HARTFORD INSURANCE COMPANY OF THE MIDWEST AND HARTFORD UNDERWRITERS INSURANCE COMPANY failed to pay Plaintiff statutory interest due on his charges for medical services he provided to CL on October 21, 2014 and to TW on September 21, 2015;

v. Defendant ILLINOIS NATIONAL INSURANCE COMPANY failed to pay Plaintiff statutory interest due on his charges for medical services he provided to MD on January 7, 2014, to EC on October 6, 2014 and to KC of March 9, 2013;

w. Defendant INDEMNITY INSURANCE COMPANY OF NORTH AMERICA failed to pay Plaintiff statutory interest due on his charges for medical services he provided to TW on September 10 and December 17, 2014;

x.      Defendant INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA failed to pay Plaintiff statutory interest due on his charges for medical services he provided to DM on December 9, 2010;

y.      Defendant LIBERTAL MUTUAL INSURANCE COMPANY failed to pay Plaintiff statutory interest due on his charges for medical services he provided to JH on September 18, 2013, to DB on March 20 and April 17, 2013, to SR on January 8, 2014 and to SB on July 23, 2013 and January 27, 2014;

z.      Defendant NEW HAMPSHIRE INSURANCE COMPANY failed to pay Plaintiff statutory interest due on his charges for medical services he provided to DR on April 29 and May 14, 2014 and to TB on June 29, 2016;

aa.     Defendant OLD REPUBLIC INSURANCE COMPANY failed to pay Plaintiff statutory interest due on his charges for medical services he provided to SL on May 20, 2014, SD on November 9, 2016 and to KY on December 28, 2014;

bb.     Defendant PMA COMPANIES failed to pay Plaintiff statutory interest due on his charges for medical services he provided to TT-M on May 16, 2016;

cc.     Defendant PEKIN INSURANCE COMPANY failed to pay Plaintiff statutory interest due on his charges for medical services he provided to CN on May 31, 2011;

dd.     Defendant QBE INSURANCE COMPANY failed to pay Plaintiff statutory interest due on his charges for medical services he provided to EC on March 3 and May 27, 2013;

ee.     Defendant SEDGWICK CLAIMS MANAGEMENT SERVICES, INC. failed to pay Plaintiff statutory interest due on his charges for medical services he provided to RS on November 11, 2016;

ff.     Defendant SENTRY CASUALTY COMPANY failed to pay Plaintiff statutory interest due on his charges for medical services he provided to VB on May 11, 2015;

gg.     Defendant SYNERGY CASUALTY COMPANY failed to pay Plaintiff statutory interest due on his charges for medical services he provided to JR on August 29, 2011;

hh.     Defendant TRAVELERS PROPERTY & CASUALTY COMPANY OF AMERICA failed to pay Plaintiff statutory interest due on his charges for medical services he provided to KD on February 25 and March 4, 2015, to TC on February 26 and June 11, 2014 and to SS on April 21 and October 15, 2015;

ii.     Defendant ZURICH AMERICAN INSURANCE COMPANY failed to pay Plaintiff statutory interest due on his charges for medical services he provided to MH on May 16 and September 19, 2011 and to HB on August 12 and September 10, 2013.

**<u>Fraudulent Concealment</u>**

108.    Defendants have fraudulently concealed their failure to pay the statutory interest due Plaintiff and the proposed class by employing various tactics including, but not limited to:

a.      Transmitting to Plaintiff and members of the proposed class written information which is either false or misleading concerning the identity of the insurance carrier for the injured employee being treated by Plaintiff or other members of the proposed class.  Such false or misleading information is conveyed for express purpose of impeding the ability of Plaintiff and members of the proposed class from enforcing the rights granted to the under the provisions of  820 ILCS 305/8.2(d)(1-3) because the identity of the insurance carrier for the injured employee is concealed;

b.      Transmitting to Plaintiff and members of the proposed class Explanation of Benefits (EOBs) that contain false information concerning when Defendants received the Form 1500 request for reimbursement from Plaintiff or other members of the proposed class. Such false information is transmitted for the purpose making it appear on the face of the EOB that payment was timely and concealing that the payment was outside the time limits proscribed in 820 ILCS 305/8.2(d)(1-3);

c.      By failing to provide Plaintiff and members of the proposed class with EOBs in claims that are concluded by settlement or a decision of an arbitrator or the Workers' Compensation Commission.  Such action is taken for the express purpose of depriving Plaintiffs' of the ability to determine if the payment received is timely under the provisions of 820 ILCS 305/8.2(d)(1-3).

110.    As a result of Defendants fraudulent concealment, the applicable statute of limitations have been tolled or not begun to run.

## CONSPIRACY

111.    Defendants have not undertaken the above practices and activities in isolation, but instead have done so as part of a common scheme and conspiracy, the object of which is to deprive Illinois physicians of the payments they are entitled to under 820 ILCS 305/8.2 (d)(1-3).

112.    Each Defendant and member of the conspiracy, with knowledge and intent, agreed to the overall objective of the conspiracy and committed one or more of the following tortious or unlawful acts in furtherance of the conspiracy, to wit:

a.      Sent reimbursements to physicians for their medical charges for patients covered by the Illinois Workers' Compensation Act without including statutory interest;

b.      Sent physician reimbursements to either the employee and/or the employee's attorney for physician medical charges due under the Illinois Workers' Compensation Act without including statutory interest;

c.      Sent reimbursements to physicians for their medical charges for patients covered by the Illinois Workers' Compensation Act without including an EOB from which the physician could determine whether the payment included statutory interest;

d.      Sent reimbursements to either the employee and/or the employee's attorney for physician medical charges due under the Illinois Workers' Compensation Act without including an EOB from which it could be determined whether the payment included statutory interest;

e.      Sent EOBs to Plaintiff and members of the class which contained false information concerning when his Form 1500 request for reimbursement was received from Plaintiff and members of the proposed class;

f.      Participated in trade associations that develop common industry standards and practices and/or act as vehicles for the exchange of sensitive business information.

g.      Deliberately purchased software systems for processing Plaintiff's and proposed class members' claims for reimbursement which do not recognize or calculate interest due physicians pursuant to the provisions of 820 ILCS 305/8.2 (d)(1-3).

## THE NEED FOR DECLARATORY AND INJUNCTIVE RELIEF

113.    Defendants' scheme to deny physicians interest due them under 820 ILCS 305/8.2 (d)(1-3) is an ongoing problem that will continue to cause Plaintiff and members of the class economic losses and threaten their ability to practice medicine and serve the public health.

114.    A money judgment in this case will only compensate Plaintiff and members of the class for past losses.  It will not prevent Defendants from continuing to confiscate the money doctors earn and that is necessary to maintain their practice.

115.    No individual doctor has a practical or adequate remedy, either administratively or at law, to recover these future losses.

116.    The costs of pursuing such claims likely far exceeds the amount at issue for each individual doctor.

117.    Even a class action such as this case is a significant undertaking that cannot be mounted on a regular basis.

118.    Where multiple lawsuits are required to redress repeated statutory violations, there is no adequate remedy at law and irreparable harm exists.

## CLASS ALLEGATIONS

### Class Definitions

119.    Plaintiff bring this action on his own behalf and, pursuant to Fed. R. Civ. P. 23(b)(1)(A), (b)(2) and/or (b)(3) and USDC Southern District of Illinois Local Rules, as a class action on behalf of an Illinois class of persons defined as:

**Proposed Class:** All Illinois physicians who, from July 20, 2005 to present, rendered medical services to an employee covered by the provisions of the Illinois Worker's Compensation Act and who were not paid interest as required by as 820 ILCS 305/8.2 (d)(1-3).

## RULE 23(a)

### Typicality

120.    The named Plaintiff and members of the class each have a tangible and legally protectable interest at stake in this action.

121.    The claims of the named class representative and the absent class members have a common origin and share a common basis.  Their claims originate from the same illegal, confiscatory and conspiratorial practices of Defendants, and Defendants act in the same way toward the Plaintiff and members of the class.  As such, each named Plaintiff has been the victim of the illegal practices of one or more of the Defendants, namely, the failure of Defendants to pay the statutory interest due under the provisions of 820 ILCS 305/8.2 (d)(1-3).

122.    The proposed class representative states claims for which relief can be granted that are typical of the absent class members.  If brought and prosecuted individually, the claims of each class member would necessarily require proof of the same material and substantive facts, rely upon the same remedial theories, and seek the same relief.

123.    The claims and remedial theories pursued by the named class representative are sufficiently aligned with the interest of absent class members to ensure that the universal claims of the class will be prosecuted with diligence and care by the Plaintiff as representative of the class.

**<u>Numerosity</u>**

124.    The members of the class are so numerous that joinder of all members is impracticable.  On information and belief, the class consists of at least hundreds of physicians. The class is, however, ascertainable as the names and addresses of all class members can be identified in business records maintained by the Defendants.

**<u>Commonality</u>**

125.    The questions of law and fact common to the class include, *inter alia*:

    (a)    Whether Defendants are required to pay interest to physicians pursuant to the provisions of 820 ILCS 305/8.2 (d)(1-3);

(b)     Whether Defendants failed to make interest payments to physicians as required by 820 ILCS 305/8.2 (d)(1-3);

(c)     Whether Defendants fraudulently concealed their failure to make interest payments to physicians as required by 820 ILCS 305/8.2 (d)(1-3);

(d)     Whether Defendants' conduct in failing to make interest payments due physicians under 820 ILCS 305/8.2 (d)(1-3) constitutes an "unfair practice" under the Illinois Consumer Fraud and Deceptive Business Practices Act;

(e)     Whether Defendants conspired and/or aided and abetted each other in furtherance of the unlawful acts alleged herein;

(f)     Whether Defendants act and/or refuse to act on grounds generally applicable to Plaintiffs and class members;

## Adequate Representation

126.    The named Plaintiff is willing and prepared to serve the Court and proposed class in a representative capacity with all of the obligations and duties material thereto.  The Plaintiff will fairly and adequately protect the interests of the class and have no interests adverse to, or which directly or irrevocably conflict with, the interests of other members of the class.  The self-interests of the named class representative are co-extensive with and not antagonistic to those of the absent class members. The proposed representative will undertake to truly protect the interests of the absent class members.

127.    The named Plaintiff has engaged the services of counsel indicated below.  Said counsel are experienced in complex class litigation, will adequately prosecute this action, and will assert, protect and otherwise well represent the named class representatives and absent class members.

## RULE 23(b)(1)(A) AND (B)(2)

128.    The prosecution of separate actions by individual members of the class would create a risk of adjudications with respect to individual members of the class which would, as a

22

practical matter, be dispositive of the interests of other members of the class who are not parties to the action, or could substantially impair or impede their ability to protect their interests.

129.    The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the parties opposing the class. Such incompatible standards and inconsistent or varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow to exist inconsistent and incompatible rights within the plaintiff class.

## **RULE 23 (b)(2)**

130.    The Defendants have acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

## **RULE 23(b)(3)(2)**

131.    The questions of law and fact common to members of the class predominate over any questions affecting only individual members.

132.    A class action is superior to other available methods for the fair and efficient adjudication of the controversies herein in that:

(a)    Individual claims by the class members are impractical as the costs of pursuit far exceed what any one plaintiff or class member has at stake;

(b)    There has been no litigation over the controversies herein and individual members of the class have no interest in prosecuting and controlling separate actions; and

(c)    The proposed class is manageable.

## COUNT I

## **Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/2)(ICFA)**

133.    Plaintiff incorporates by reference the above paragraphs.

23

134.    Plaintiff has standing to maintain this action under 815 ILCS 505/10a(a) as: (1) his position is akin to that of consumers because by agreeing to treat an injured employee covered under the provisions of the Act, he, like those who purchase a health-care policy, become entitled to certain benefits, one of which is the interest due them under 820 ILCS 305/8.2 (d)(1-3), the only difference being that the physicians' benefit is created by statute whereas the purchasers benefit is created by contract, (2) Defendants' actions impact a large segment of Illinois physicians and consumer protection concerns are invoked if insurance companies are not compelled to pay contractual or statutorily mandated benefits, and (3) the interest of consumers is served by requiring Defendants to pay contractual or statutorily mandated benefits.

135.    Plaintiff is a consumer as that term is defined in ICFA.  815 ILCS 505/1 (e).

136.    Defendants are all persons as that term is defined in ICFA.  815 ILCS 505/1 (c).

137.    Defendants' wrongful actions constitute trade and commerce as defined in ICFA. 815 ILCS 505/1 (f).

138.    Defendants' actions violated ICFA because they were unfair and/or deceptive acts or practices in the conduct of trade or commerce directly or indirectly affecting the people of Illinois.  815 ILCS 505/2, ICFA.

139.    Defendants violated the ICFA's prohibition against omitting material information during commercial transactions by concealing their failure to pay interest due, failing to provide EOBs, conspiring to avoid paying interest, and tendering payment without including required interest.

140.    Defendants' conduct offends public policy, is immoral, oppressive, unscrupulous, and causes substantial injury to consumers.  Substantial injury is caused consumers because

physicians are deprived of the funds they need (and have rightly earned) to properly maintain their practices and serve the public.

141.    As a direct and proximate result of Defendants' aforementioned violations of the Illinois Consumer Fraud Act, Plaintiff and members of the proposed class have been caused to suffer losses by the denial of interest due them under the provisions of 829 ILCS 305/8.2 (d)(1-3).

142.    Defendants' actions were performed intentionally, willfully, knowingly, and maliciously.

143.    Injunctive relief is necessary and proper to compel Defendants to cease violating the ICFA, as alleged herein.

WHEREFORE, Plaintiff, individually and on behalf of the proposed Class, demands judgment in his favor and against Defendants as follows:

A.      Certifying the Class as requested herein;

B.      Appointing Plaintiffs' counsel as counsel for the Class;

C.      Awarding compensatory damages for each violation of the ICFA and for interest due under 820 ILCS 305/8.2 (d)(1-3);

D.      Awarding punitive damages against each Defendant;

E.      Awarding declaratory or injunctive relief enjoining Defendants from continuing the unlawful practices as set forth herein;

F.      Awarding pre-judgment and post-judgment interest;

G.      Awarding reasonable attorneys' fees and costs;

H.      Awarding such other and further relief as the court deems fit and proper.

Respectfully submitted,

**THE SIMON LAW FIRM, P.C.**

By:      */s/ Kevin M. Carnie, Jr.*
      John G. Simon, #6195127
      Kevin M. Carnie, Jr. #6298290
      Benjamin R. Askew, #6291366
      800 Market Street, Suite 1700
      St. Louis, Missouri  63101
      jsimon@simonlawpc.com
      kcarnie@simonlawpc.com
      baskew@simonlawpc.com
      Phone:  (314) 241-2929
      Facsimile:  (314) 241-2029

      Robert H. Wendt, *Pro Hac Vice Pending*
      The Wendt Law Firm
      1015 Locust Street, Suite 1036
      rwendt@wendtlawfirm.com
      Phone: (314) 588-0097
      Facsimile:

      ***ATTORNEYS FOR PLAINTIFFS***