IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL BEATTY**, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:17-cv-1001-NJR-DGW |
| **ACCIDENT FUND GENERAL INSURANCE COMPANY, et al.**, | ) |
| Defendants. | ) |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is a Motion to Stay Initial Disclosures and Discovery Pending Ruling on Defendants' Motions to Dismiss filed by all Defendants (Doc. 243). For the reasons set forth below, the Motion to Stay Discovery is **DENIED**.

On September 19, 2017, Plaintiff Michael Beatty filed a three count class action complaint against forty-five Defendants, generally alleging the various insurance companies and third party administrators entered into a conspiracy to deprive Illinois physicians of the interest payments they are entitled to under 820 ILCS 305/8.2(d)(1-3), and fraudulently concealed their failure to pay the statutorily required interest (Doc. 1, pp. 17-18). In response, Defendants have filed various Motions to Dismiss, some assert Beatty's claims are partially barred by the statute of limitations (Docs. 217, 218, 222), others allege Beatty has failed to state a claim upon which relief can be granted (Docs. 223, 239). Those motions are currently pending before the District Court.

On January 5, 2018, a telephonic Scheduling Conference was held in which all of the parties participated (Doc. 240). The hearing addressed the parties' disagreements about the scope

of discovery on the issue of class certification. During that hearing, Defendants requested an extensive amount of discovery, including the opportunity to file both forty joint and twenty-five individual interrogatories (totaling over 1,100), as well as the opportunity to depose Beatty for up to seven hours jointly and then three hours individually (totaling 142 hours). The Court ultimately entered a Scheduling Order that provided Defendants with a substantial amount of discovery, but less than they had requested (Doc. 241).[1] Four days later, Defendants filed the pending Motion to Stay arguing that discovery will be unduly burdensome in light of the pending motions to dismiss and that a stay would be a cost effective measure to ensure that they are not burdened with expensive discovery (Doc. 234, p. 2).

This Court enjoys broad discretion in directing the course of discovery. *See* FED. R. CIV. P. 26; *James v. Hyatt Regency Chicago*, 707 F.3d 775, 784 (7th Cir. 2013). Generally, the filing of motions to dismiss does not automatically stay discovery. *See SK Hand Tool Corp. v. Dresser Industries, Inc.*, 852 F.2d 936, 945 (7th Cir. 1988); *Daniel J. Hartwig Associates, Inc. v. Kanner*, 913 F.2d 1213, 1223 (7th Cir. 1990). Discovery can be stayed, however, if certain threshold or jurisdictional issues could be efficiently resolved prior to expensive discovery. *See Todd by Todd v. Merrell Dow Pharmaceuticals, Inc.*, 942 F.2d 1173, 1178 (7th Cir. 1991) ("Limiting discovery to a threshold issue is proper in a case that may be resolved upon summary judgment"); *Landstrom v. Illinois Dept. of Children and Family Services*, 892 F.2d 670, 674 (7th Cir 1990) (approving a stay in discovery pending a ruling on qualified immunity).

Defendants' main argument is that they should not be burdened with discovery because the Illinois Courts have recently ruled that insurers have no obligation to pay statutory interest under

---

[1] The Court, however, limited Defendants to forty joint interrogatories and 10 individual interrogatories (490 total interrogatories) and limited Defendants to thirty-five hours for deposing Plaintiff (five hours reserved for joint questions, and the remaining time to be divided as agreed by Defendants).

the Illinois Workers' Compensation Act (IWCA) (Doc. 243, p. 2). Beatty responds that the case law cited by Defendants is irrelevant because his claims are brought under the Illinois Consumer Fraud Act ("ICFA"), not the IWCA (Doc. 244, p. 2).

This Court has no knowledge as to the likelihood of dismissal of any of Plaintiffs' claims. Nor does the fact that discovery is expensive warrant a stay in this matter. Given their attempts to obtain even more discovery, the Court finds Defendants' claim about the excessive expense somewhat disingenuous (Doc. 243, p. 9). Further, while it is true discovery may appear extensive if Defendants are considered as a group, there is no showing that the burden on each individual Defendant is actually onerous. If anything, discovery in this case is substantially more onerous for Plaintiff, who objects to the Stay.

For these reasons, discovery will not be stayed pending resolution of the Motions to Dismiss.

**IT IS SO ORDERED.**

**DATED: February 9, 2018**

                                                **DONALD G. WILKERSON**
                                                **United States Magistrate Judge**