IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL E. BEATTY, M.D. d/b/a The Southwestern Illinois Plastic & Hand Surgery Associates, individually and as the representative of a class of similarly situated persons, </br></br>Plaintiff, </br></br>vs. </br></br>ACCIDENT FUND GENERAL INSURANCE COMPANY, et al., </br></br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 3:17-CV-01001-NJR-DGW |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter comes before the Court on Defendants' appeal of Magistrate Judge Donald G. Wilkerson's February 9, 2017 Order denying Defendants' motion to stay discovery pending a ruling on Defendants' motions to dismiss (Doc. 253).

Plaintiff Michael Beatty, a plastic surgeon, filed this putative class action lawsuit in September 2017 alleging Defendants, 45 insurance companies and third-party administrators, failed and refused to pay statutory interest due under the Illinois Workers' Compensation Act. Beatty, individually and on behalf of a proposed class, asserts one count under the Illinois Consumer Fraud and Deceptive Business Practices Act and seeks compensatory damages, punitive damages, and injunctive relief.

On December 15, 2017, Defendants filed a Joint Motion to Dismiss for failure to state a claim (Doc. 223) and a Joint Motion to Dismiss based on the statute of limitations

(Doc. 218).[1] On January 5, 2018, Magistrate Judge Wilkerson held a scheduling conference and subsequently entered a Scheduling and Discovery Order setting various deadlines for discovery (Doc. 241). A few days later, Defendants filed a Motion to Stay Initial Disclosures and Discovery pending a ruling on their motions to dismiss (Doc. 243). Defendants noted Plaintiff's initial agreement that, given Defendants' plans to file motions to dismiss, it would be prudent to postpone the commencement of discovery until the Court resolves the potentially dispositive motions (*See* Doc. 207, Joint Motion for Continuance of Initial Pretrial Scheduling and Discovery Conference, specifically referring to the costs and time associated with discovery). Defendants then argued that a stay was especially warranted in this case because Defendants' motion to dismiss for failure to state a claim puts forth "exceptionally strong grounds to dismiss the entire Complaint," it raises a threshold issue of standing, and discovery will be "extensive, burdensome and hugely expensive." (Doc. 243).

In response, Plaintiff argued that a stay would throw off the scheduling order and briefing schedule for class certification and could possibly postpone the presumptive trial date, thereby prejudicing Plaintiff (Doc. 244). Plaintiff further argued that Defendants' speculation as to the merits of their own motions to dismiss and the expected costs of discovery did not warrant a stay and that Defendants mischaracterized the relevant case law regarding stays and the merits of their motions to dismiss (*Id.*).

After briefing on the issue was complete, Magistrate Judge Wilkerson entered an Order denying Defendants' Motion to Stay (Doc. 249). Magistrate Judge Wilkerson concluded that he had no knowledge as to the likelihood of dismissal of any of Plaintiff's

---

[1] Many, but not all, Defendants joined in the Motion to Dismiss based on the statute of limitations.

claims, that he found Defendants' assertion as to the expense of discovery "somewhat disingenuous" considering Defendants wanted *more* discovery than the Scheduling and Discovery Order allowed, and that there was no showing that the burden on each individual Defendant was actually onerous (*Id.*). If anything, Magistrate Judge Wilkerson concluded, discovery would be "substantially more onerous for Plaintiff, who objects to the Stay." (*Id.*).

Defendants appealed Magistrate Judge Wilkerson's decision to the undersigned District Judge on February 23, 2018, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72(a), and Local Rule 73.1(a) (Doc. 253). Defendants argue that Magistrate Judge Wilkerson's conclusions were clearly erroneous in that their request for a stay was not disingenuous, as they have maintained since the outset of the case that a stay of discovery would be appropriate. Defendants also argue that they demonstrated discovery would be extremely burdensome, as the Scheduling and Discovery Order permits at least 70 depositions, nearly 1,600 interrogatories, unlimited requests for production, and expert discovery on class certification issues. Further, Plaintiff seeks to certify a class of Illinois physicians who rendered medical services to employees covered by the IWCA and who were not paid statutory interest "from July 20, 2005 to the present"—a period of 12 years. Even under a conservative estimate, Defendants argue, Plaintiff's complaint potentially implicates 1.8 million claims. Defendants ask the Court to reverse Magistrate Judge Wilkerson's order denying their motion to stay and to enter an order staying discovery until the Court resolves the pending motions to dismiss.

District courts have broad discretion to control discovery, including the power to issue a stay in appropriate circumstances. *See e.g. Clinton v. Jones*, 520 U.S. 681, 706 (1997);

*Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002). "Limitation or postponement of discovery may be appropriate when a defendant files a motion to dismiss for failure to state a claim on which relief can be granted." *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 336 (N.D. Ill. 2005). A stay is appropriate where the motion to dismiss can resolve the case, where ongoing discovery is unlikely to produce facts necessary to defeat the motion, or where the motion raises a potentially dispositive threshold issue, such as a challenge to plaintiff's standing. *See First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253 (1968); *Nexstar Broad., Inc. v. Granite Broad. Corp.*, No. 1:11-CV-249, 2011 WL 4345432, at *2 (N.D. Ind. Sept. 15, 2011).

Here, the Court finds that a brief stay of discovery is warranted while the motions to dismiss are under consideration. The Court has conducted a cursory review of the motions and, while unable to comment on the likelihood of success at this point, the Court notes that Defendants have raised Plaintiff's standing to bring his claim, a potentially dispositive threshold issue. Defendants also argue certain claims are extinguished or limited by the statute of limitations, an important consideration given that Plaintiff's discovery requests seek information and documents from 2005 to the present. Depending on the outcome of the motion to dismiss on the statute of limitations, the scope of discovery could potentially be narrowed. The Court also finds that ongoing discovery is unlikely to produce facts necessary to defeat the motions to dismiss. The motions have been fully briefed, and it does not appear that additional evidence would assist the Court in deciding the motions at this stage of the litigation.

The Court has no reason to doubt that discovery will be burdensome for all parties, and the motions to dismiss filed by Defendants could possibly dispose of the

case or limit the scope of discovery. Thus, the Court finds that a brief stay of discovery is appropriate while the motions are under consideration.

Accordingly, the Court **GRANTS** Defendants' appeal of Magistrate Judge Wilkerson's Order (Doc. 249) and **STAYS** discovery until the pending Motions to Dismiss are decided.[2] The stay will be lifted and a new schedule set at that time.

**IT IS SO ORDERED.**

DATED:   March 5, 2018

*Nancy J. Rosenstengel*

**NANCY J. ROSENSTENGEL**
**United States District Judge**

---

[2] The motions became ripe for review on February 21, 2018. The Court will address the motions as soon as practicable.