IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL E. BEATTY, M.D., d/b/a THE SOUTHWESTERN ILLINOIS PLASTIC & HAND SURGERY ASSOCIATES, individually and as the Representative of a class of similarly situated persons, | ) ) ) ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 3:17-CV-1001-NJR-GCS ) |
| ACCIDENT FUND GENERAL INSURANCE COMPANY, et al., | ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on Defendants' joint Motion for Reconsideration or, Alternatively, for Certification of the Court's Order of July 2, 2018, Denying Defendants' Motion to Dismiss Complaint, for Interlocutory Appeal (Doc. 275), as well as the Motion for Reconsideration of the Court's July 2, 2018 Order or, in the Alternative, for Certification for Interlocutory Appeal filed by certain Third-Party Administrator Defendants ("TPA Defendants") (Doc. 274).[1] For the reasons set forth below, the motions are denied.

---

[1] The TPA Defendants that joined in the motion include: Sedgwick Claims Management Services, Inc.; Broadspire Services, Inc.; Cannon Cochran Management Services, Inc.; Corporate Claimants Management, Inc.; Creative Risk Solutions, LLC; Gallagher Bassett Services, Inc.; ESIS, Inc.; and Tristar Insurance Group.

## BACKGROUND

Plaintiff Michael Beatty, M.D., is an Illinois plastic surgeon who provides medical services to patients for work-related injuries (Doc. 1, ¶ 10). Defendants in this matter are insurance companies that have issued workers' compensation insurance policies covering Illinois workers, TPAs employed by Illinois employers to administer workers' compensation claims, or claims adjusting companies (CACs) employed by insurance carriers or TPAs to administer workers' compensation claims (*Id.*, ¶ 11).

Dr. Beatty filed a putative class action complaint on September 19, 2017, pursuant to the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILL. COMP. STAT. § 505. In a nutshell, Dr. Beatty alleges Illinois physicians who render services to patients covered under the Illinois Workers' Compensation Act (IWCA) are entitled to receive statutory interest on their unpaid medical bills as set forth in 820 ILL. COMP. STAT. 305/8.2(d)(1-3) (*Id.*, ¶ 4). Defendants routinely fail and refuse, however, to pay this statutory interest (*Id.*, ¶ 5).

Defendants filed a joint motion to dismiss the complaint (Doc. 223). Defendants presented four arguments: (1) that insurers and TPAs have no duty to pay interest under the IWCA; (2) medical providers lack standing under the IWCA to sue insurers or TPAs; (3) a plaintiff cannot use the ICFA to circumvent the IWCA; and (4) Dr. Beatty did not adequately plead the elements of an ICFA claim. The Court rejected Defendants arguments and denied the motion to dismiss (Doc. 269). All Defendants now move the Court to reconsider its Order in light of two Illinois appellate court cases that indicate this Court was wrong. The TPA Defendants also argue the Court erred specifically with

regard to its analysis of the TPA Defendants' duties under the IWCA (Doc. 274). Alternatively, Defendants seek certification of the Court's order for interlocutory appeal pursuant to 28 U.S.C. § 1291(b).

## LEGAL STANDARD

Motions to reconsider an interlocutory order are properly brought pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, as the rule provides that an order adjudicating fewer than all the claims among the parties "may be revised at any time" before the entry of a final judgment. FED. R. CIV. P. 54(b). Motions to reconsider under Rule 54(b) are judged by largely the same standard as motions to alter or amend a judgment under Rule 59(e) and serve a limited function: to correct manifest errors of law or fact. *See Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987).

"A manifest error is not demonstrated by the disappointment of the losing party." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quotation omitted). A motion to reconsider is only proper where the Court has misunderstood a party, where the Court has made a decision outside the adversarial issues presented to the Court by the parties, where the Court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). "Such problems rarely arise and the motion to reconsider should be equally rare." *Id.* at 1192 (citation omitted).

Reconsideration is not appropriate where a party seeks to raise arguments that could have been raised in the original briefing. *Wiegel v. Stork Craft Mfg., Inc.*, 891 F. Supp.

2d 941, 944 (N.D. Ill. 2012) (citing *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987)); *Publishers Res., Inc. v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (motion for reconsideration cannot "serve as the occasion to tender new legal theories for the first time") (citation omitted).

## Discussion

**I.   Defendants' Joint Motion for Reconsideration**

Defendants assert this Court should reconsider its Order denying their Joint Motion to Dismiss in light of two opinions issued by the Appellate Court of Illinois, First District, just days prior to this Court's Order: *Marque Medicos Archer, LLC v. Liberty Mut. Ins. Co.*, 2018 IL App (1st) 163350 (Ill. App. Ct. 2018) ("*Archer*") and *Marque Medicos Farnsworth, LLC v. Liberty Mut. Ins. Co.*, 2018 IL App (1st) 163351 (Ill. App. Ct. 2018) ("*Farnsworth*"). Defendants claim these cases present a significant change in the law warranting reconsideration. The Court disagrees.

In *Archer*, an injured employee entered a settlement agreement with his employer, Morse Automotive, whereby the employer would pay a lump sum for all claims arising out of the work-related accident, including future medical expenses. *Archer*, 2018 IL App (1st) 163350 at ¶ 7. Defendant Liberty Mutual Insurance Company, who issued Morse Automotive's workers' compensation insurance policy, made partial payments to the providers for bills it received but failed to pay approximately $39,000 of the charges. *Id.* at ¶ 8. As of the date of the complaint, more than $36,000 of interest had accrued on the unpaid bills as well as the bills paid after the statutory grace period had elapsed. *Id.*

The employee assigned his rights arising out of the settlement agreement to the

plaintiff medical providers. *Id.* at ¶ 9. The plaintiff medical providers then filed suit alleging four counts against both Liberty and Morse Automotive: (1) breach of contract (based on the settlement agreement), (2) breach of contract implied in fact (in the alternative), (3) violation of section 8.2(d)(3) of the IWCA, and (4) violation of the ICFA. *Id.* at ¶ 10. The providers alleged an additional count for violation of the Illinois Insurance Code against Liberty. *Id.*

Both Liberty and Morse Automotive filed a motion to dismiss the providers' complaint, which the trial court granted. On appeal, the Illinois Court of Appeals made three findings that are relevant here. First and foremost, the Court found, as did the undersigned, that an insurance company is obligated to pay interest under the IWCA. *Id.* at ¶ 28. The Court of Appeals also held—as it did in *Marque Medicos Fullerton, LLC v. Zurich American Insurance Co.* and as recognized by this Court—that there is no implied private right of action under the IWCA for medical providers. *See Marque Medicos Fullerton, LLC v. Zurich American Ins. Co.*, 83 N.E.3d 1027 (Ill. App. Ct. 2017).

Finally, and most relevant here, the Court of Appeals rejected the providers' attempt to sue Liberty under the ICFA. The Court noted that the providers' ICFA claim was premised on the validity of the employee's assignment of his "right, title, and interest" in the settlement contract to the medical providers. *Id.* at ¶ 22. Because the IWCA forbids assignment of any "payment, claim, award or decision," the Court found the claim could not survive. *Id.* at ¶¶ 22-26.

Even assuming the employee could assign his rights under the settlement contract, the Court of Appeals further found the provider had not stated a claim under the ICFA

because a deceptive act or practice involves more than the mere fact that a defendant promised to do something then failed to do it—*i.e.*, breached a contract. *Id.* at ¶ 27. As the *Archer* court explained, the providers could not supplement their breach of contract claim with a redundant ICFA claim, for "this type of 'deception' occurs every time a defendant breaches a contract." *Id.* at ¶ 27 (quoting *Avery v. State Farm Mut. Auto. Ins. Co.*, 835 N.E.2d 801 (2005)).

Defendants argue that the appellate court's rejection of the providers' ICFA claim in *Archer* means that ICFA claims are *never* allowed to indirectly enforce the interest provision of the IWCA. The Court disagrees with such a broad reading of *Archer*.

As recognized by Dr. Beatty in his response, the ICFA claim in *Archer* was limited to whether Liberty and Morse Automotive made representations *in the settlement agreement* with the employee that they would pay the employee's necessary and related medical expenses, that they intended for the employee (who assigned his rights under the settlement agreement) to rely on those representations, and that those representations were false, deceptive, and misleading (*See Archer* Complaint, Doc. 281-1, p. 20). The *Archer* court found those allegations insufficient, as they merely stated a breach of contract claim.

The Court agrees with Dr. Beatty and finds there is nothing novel about the appellate court's finding that warrants reconsideration here. *See Marque Medicos Fullerton, LLC*, 83 N.E.3d at 1035 (finding a breach of contract does not rise to the level of an ICFA claim). Furthermore, in this case, Dr. Beatty is alleging more than a simple breach of contract. He is alleging Defendants, as part of a common scheme or conspiracy to deprive Illinois physicians of statutory interest, have engaged in unfair practices and omitted

material information during commercial transactions by: concealing their failure to pay interest due; failing to provide EOBs; conspiring to avoid paying interest; and tendering payment without including required interest. The Court stands by its earlier conclusion that Dr. Beatty has stated a claim for unfair practices under the ICFA.

*Farnsworth* also is easily distinguished. The analysis is the exact same as in *Archer*, except the plaintiff medical providers in that case did not bring an ICFA claim. Instead, plaintiffs raised the same breach of contract claims the Illinois appellate court dismissed in *Marque Medicos Fullerton, LLC v. Zurich American Insurance Co.*—a case thoroughly discussed by this Court in its Order. *See Marque Medicos Fullerton, LLC v. Zurich American Insurance Co.*, 83 N.E.3d 1027 (Ill. App. Ct. 2017) *appeal denied*, 93 N.E.3d 1043 (Ill. 2017).

Defendants also make much of the Court of Appeals' explanation in both *Archer* and *Farnsworth* that, "as egregious as Liberty's conduct appears to be, it does not translate into recognition of a direct action by providers against Liberty," for "when the legislature enacted section 8.2 of the Act . . . it simultaneously created a remedy for its violation." *Archer*, 2018 IL App (1st) 163350 at ¶ 32; *Farnsworth*, 2018 IL App (1st) 163351 at ¶ 28. The opinions then go on to discuss alternative remedies available under the IWCA to providers who seek to obtain interest from insurance companies. *Id.* Despite the appellate court's admission that such routes are "varied and somewhat circuitous," *id.*, Defendants here contend the appellate court found that providers are "amply protected" and, thus, there is no reason to allow providers to bring a back door ICFA action.

The Court acknowledges that it dismissed these alternative remedies as absurd and inconvenient—a sentiment at least partially shared by the Illinois Court of Appeals.

But that was within the discussion of whether insurance companies are on the hook for paying interest at all. The *Archer* and *Farnsworth* courts held that they are. The appellate court's discussion of alternative remedies was solely to explain how providers can recover interest despite not being able to bring a *direct action* under the IWCA. The Court is not persuaded that the existence of alternative remedies to obtain interest owed under the IWCA forecloses a provider from bringing an entirely separate action under the ICFA.

Because there is no significant change in the law stemming from this discussion in *Archer* and *Farnsworth* of alternate paths to obtaining statutory interest, reconsideration is not warranted.

## II.     Defendants' Alternative Motion for Certification Under 28 U.S.C. § 1292(b)

For similar reasons, the Court is not persuaded that certification for interlocutory appeal is appropriate under 28 U.S.C. § 1292(b). Defendants seek to certify the following question:

> Can a medical provider sue an insurer or third-party administrator under the ICFA to recover interest allegedly owed under Section 8.2(d) of the IWCA, even though the provider has no valid direct action against an insurer or third-party administrator to recover such interest under the IWCA?

Section 1292(b) provides that a district court may certify for immediate appeal interlocutory orders that present a "controlling question of law as to which there is substantial ground for difference of opinion" whose resolution would "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "There are four statutory criteria for the grant of a section 1292(b) petition to guide the district court: there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution

must promise to *speed up* litigation." *Ahrenholz v. Bd. of Trustees of Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000). Additionally, "the petition must be filed in the district court within a reasonable time after the order sought to be appealed." *Id.* "Unless all these criteria are satisfied, the district court may not and should not certify its order to [the appellate court] for an immediate appeal under section 1292(b)." *Id.* at 676.

The Court first addresses whether the issue is contestable, as that element is dispositive here. Defendants assert there is substantial ground for a difference of opinion about whether a provider can ever sue an insurer or TPA under the ICFA for alleged violations of the IWCA. They claim that *Archer*, *Farnsworth*, and its predecessors "unequivocally establish that the General Assembly has provided numerous and varied remedies for all interested persons and entities—including medical providers—to seek resolution of fee and interest disputes *via procedures through the Commission* (and via the Department of Insurance)." (Doc. 275, p. 14).

The Court does not dispute these procedures exist but disagrees that they are "the very heart of why the Appellate Court in *Archer* just rejected an attempt by medical providers to state a cause of action under the ICFA to recover interest allegedly owed under the IWCA." As discussed above, the ICFA claim was dismissed because the employee could not assign his rights under the settlement agreement and, even if he could, the IFCA claim amounted to no more than a breach of contract claim.

Put simply, the appellate court did not hold that an ICFA claim alleging unfair practices by insurance companies regarding their non-payment of interest owed under the IWCA is outright barred. And it is undisputed that the ICFA does not require an

underlying private right of action. *See Boyd v. U.S. Bank, N.A., ex rel. Sasco Aames Mortg. Loan Tr., Series 2003-1*, 787 F. Supp. 2d 747, 752 (N.D. Ill. 2011). Thus, there is no substantial ground for difference of opinion as to whether Dr. Beatty can bring an ICFA claim and no question to certify to the Seventh Circuit. Defendants' motion is denied.

**III.    TPA Defendants' Motion for Reconsideration**

The TPA Defendants also move this Court for reconsideration of its Order denying Defendants' joint motion to dismiss because the Court did not distinguish between the different classes of Defendants or analyze how the duty to pay interest under the IWCA specifically applies to TPAs (Doc. 274). Alternatively, they request this Court certify its Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

The TPA Defendants' primary argument is that the Court improperly lumped TPAs and CACs with the insurance company defendants in finding that "insurers" have a duty to pay interest under the IWCA. The TPA Defendants argue this duty cannot be applied to them, as they do not issue insurance and do not "insure the entire liability" of an employer. Furthermore, the relevant provisions of the IWCA relied on by the Court mention "insurers," but those same provisions are devoid of any reference to "TPAs." The IWCA therefore cannot be reasonably interpreted to also impose a duty or liability on a TPA to pay interest.

The TPA Defendants also point out that Dr. Beatty failed to plead any agency or contractual relationship existed between the insurers and the TPA Defendants or to identify which TPAs were administering claims for "insurers" and which were administering claims for "employers." Nor did Dr. Beatty allege that a contractual

obligation to an insurer renders the TPA liable to pay the interest owed by the insurer, that any specific TPA was acting on behalf of a specific insurer, or that any of the late payments made by the TPAs involved its function of "administering" claims for "insurers." In the absence of such allegations, there cannot be a reasonable inference that TPAs are the functional or statutory equivalent of an insurer under the IWCA or that TPAs owe any obligation or duty directly to Dr. Beatty. The TPA Defendants extend this same argument to the remainder of the Court's findings, arguing the Court "does not differentiate between TPAs and insurers" in its analysis. But neither did Defendants. Although the TPA Defendants take issue with the Court lumping them with the insurer Defendants, that is exactly how the TPA Defendants were characterized in the motion to dismiss. Throughout the motion, the phrase "insurers and TPAs" appears *ten times* without a distinction between the two.

Dr. Beatty is correct in noting these arguments were not raised in the Joint Motion to Dismiss. Not *once* did Defendants make any of the arguments discussed above. Accordingly, the Court did not misunderstand or misapprehend Defendants' arguments, and the TPA Defendants are not entitled to relief on a motion to reconsider. *See Bank of Waunakee*, 906 F.2d at 1191; *Wiegel*, 891 F. Supp. 2d at 944 (reconsideration not appropriate where party brings arguments not raised in original briefing).

**IV.     TPA Defendants' Alternative Motion for Certification Under 28 U.S.C. § 1292(b)**

Alternatively, the TPA Defendants ask that the Court certify its order for interlocutory appeal under 28 U.S.C. § 1292(b). The TPA Defendants assert that interlocutory appeal is appropriate here because the appeal would present a question of

law that is controlling, contestable, and its resolution would "speed up" the litigation. Specifically, the question presented is:

> Does a third-party administrator ("TPA") or claims adjusting company ("CAC") that does not issue an insurance policy or insure an "employer" for its workers' compensation claims have a direct payment obligation to a medical provider under Section 8.2(d) of the IWCA?

(Doc. 274, p. 12).

The Court disagrees that certification is warranted. Because the TPA Defendants did not specifically raise this argument in the Joint Motion to Dismiss, they have forfeited the argument. And certification of a forfeited question this Court was never asked to consider is not allowed. *See Ruffino v. Sheahan*, 218 F.3d 697, 701 (7th Cir. 2000). Accordingly, the TPA Defendants' motion is denied.

## CONCLUSION

For these reasons, the Motion for Reconsideration or, Alternatively, for Certification of the Court's Order of July 2, 2018, Denying Defendants' Motion to Dismiss Complaint, for Interlocutory Appeal (Doc. 275) filed by all Defendants is **DENIED**. The Motion for Reconsideration of the Court's July 2, 2018 Order or, in the Alternative, for Certification for Interlocutory Appeal filed by the TPA Defendants (Doc. 274) is also **DENIED**.

**IT IS SO ORDERED.**

DATED: March 18, 2019

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**