IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MICHAEL E. BEATTY, M.D., d/b/a THE SOUTHWESTERN ILLINOIS PLASTIC & HAND SURGERY ASSOCIATES,** individually and as the Representative of a class of similarly situated persons,

Plaintiff,

v.

**ACCIDENT FUND GENERAL INSURANCE COMPANY, et al.,**

Defendants.

Case No. 3:17-CV-1001-NJR-GCS

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on Defendants' Omnibus Partial Motion to Dismiss the Second Amended Complaint Based on the Statute of Limitations (Doc. 296),[1] the motions for summary judgment filed by Country Mutual Insurance Company (Doc. 302), Federated Mutual Insurance Company (Doc. 356), Cannon Cochran Management Services, Inc. (Doc. 367), and the motions to deny or defer considering those motions for summary judgment under Rule 56(d) filed by Plaintiff Michael Beatty, M.D. (Docs. 343, 385, 391). For the reasons set forth below, the motion to dismiss and the motions for summary judgment are denied, while Beatty's motions to deny or defer consideration of

---

[1] Certain Defendants also have filed supplemental briefs in support of the motion to dismiss, discussing the specific claims against them (Docs. 297-301, 304-308).

the motions for summary judgment under Rule 56(d) are granted.

## BACKGROUND

Plaintiff Michael Beatty, M.D., filed this putative class action pursuant to the Illinois Consumer Fraud and Deceptive Business Practices Act (ICFA), 815 ILL. COMP. STAT. § 505, alleging Defendants have failed to pay statutory interest on unpaid medical bills owed to Illinois physicians who render services to patients covered under the Illinois Workers' Compensation Act. In part, Beatty claims Defendants—since 2006—have fraudulently concealed their failure to pay statutory interest to prevent him and other health care providers from discovering the existence, nature, or extent of their injuries, who caused the injuries, or that the injuries were wrongfully caused (Doc. 284 at ¶¶ 119-125). As a result, he contends, the three-year statute of limitations imposed by the ICFA has been tolled or has not begun to run (*Id.* at ¶ 191).

In July 2018, the Court granted, in part, Defendants' first motion to dismiss based on the statute of limitations because Beatty failed to plead his fraudulent concealment claim with the level of particularity required by Rule 9(b) of the Federal Rules of Civil Procedure (Doc. 269). The Court noted that when a plaintiff seeks tolling of the statute of limitations, the complaint must state what the fraud actually was and when the plaintiff discovered it, "so that the Court may evaluate whether he could have discovered it through the exercise of due diligence." (*Id.*) Furthermore, the complaint must "inform each defendant of the nature of his alleged participation in the fraud." (*Id.*). Beatty's complaint, however, lumped all Defendants' actions together and failed to explain how any specific Defendant engaged in allegedly fraudulent activities or when the fraudulent

actions occurred. Although the Court found these deficiencies required dismissal of the fraudulent concealment claims, it granted Beatty leave to amend his complaint.

On August 2, 2018, Beatty filed his Second Amended Complaint (Doc. 278). Defendants again jointly move for partial dismissal of the complaint, arguing Beatty has not—and cannot—plead fraud with particularity. Certain Defendants also have moved for summary judgment on the claims against them on the basis of the statute of limitations.

## LEGAL STANDARDS

**A.  Rule 12(b)(6) Motion to Dismiss**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is meant to "test the sufficiency of the complaint, not to decide the merits" of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990) (citation omitted). In evaluating a motion to dismiss, the Court must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Cole v. Milwaukee Area Tech. Coll. Dist.*, 634 F.3d 901, 903 (7th Cir. 2011); *Thompson v. Ill. Dep't. of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002).

Because Beatty has alleged that the statute of limitations is tolled by Defendants' fraudulent concealment, his complaint is subject to the heightened pleading standards of Federal Rule of Civil Procedure 9(b). *Squires-Cannon v. Forest Pres. Dist. of Cook Cty.*, 897 F.3d 797, 805 (7th Cir. 2018). Under that rule, a pleading "must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). Pleading with "particularity" means to describe the "who, what, when, where, and how" of the fraud.

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 441–42 (7th Cir. 2011). "Heightened pleading in the fraud context is required in part because of the potential stigmatic injury that comes with alleging fraud and the concomitant desire to ensure that such fraught allegations are not lightly leveled." *Id.* at 442.

**B.     Motions for Summary Judgment**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Spurling v. C & M Fine Pack, Inc.*, 739 F.3d 1055, 1060 (7th Cir. 2014) (quoting FED. R. CIV. P. 56(a)). Once the moving party has set forth the basis for summary judgment, the burden then shifts to the nonmoving party who must go beyond mere allegations and offer specific facts showing that there is a genuine issue of fact for trial. FED. R. CIV. P. 56(e); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 232-24 (1986). The nonmoving party must offer more than "[c]onclusory allegations, unsupported by specific facts," to establish a genuine issue of material fact. *Payne v. Pauley*, 337 F.3d 767, 773 (7th Cir. 2003) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

Rule 56(d) allows a nonmoving party to submit an affidavit or declaration requesting the court to defer considering or deny a summary judgment motion "in order to allow for appropriate discovery to address matters raised by the [summary judgment] motion. *Spierer v. Rossman*, 798 F.3d 502, 507 (7th Cir. 2015) (citing FED. R. CIV. P. 56(d)). Rule 56(d) provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Thus, Rule 56(d) "permits a district court to delay consideration of a summary judgment motion and order additional discovery before ruling if the non-movant demonstrates that it cannot present facts essential to justify its opposition of the summary judgment motion. *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 62728 (7th Cir. 2014) (quotation omitted).

## DISCUSSION

In the motion to dismiss, Defendants jointly argue that Beatty's Second Amended Complaint does not cure the pleading deficiencies noted by the Court in its Order of July 2, 2018, as he still does not plead fraud with particularity as to each specific Defendant. Moreover, for some Defendants, there is no basis even alleged by Beatty under which the statute of limitations would be tolled. Because further amendment would be futile, Defendants ask the Court to strike Plaintiff's fraudulent concealment claims in the Second Amended Complaint and bar all claims accruing before September 19, 2014, pursuant to the ICFA's three-year statute of limitations.

In response, Beatty argues that dismissal on statute of limitations grounds would still be premature, as discovery is ongoing. Beatty also asserts he cured the defects in his complaint by inserting paragraphs 127 through 175, which state when specific Defendants engaged in specific fraudulent activities, and that he should be held to a less stringent pleading standard when the conduct alleged involves numerous instances. He

asserts his allegations give Defendants adequate notice of the particularities of the alleged fraud and Defendants, through their own documents, should be aware of other instances of similar conduct. Even if every example were time barred, he argues, because he also seeks injunctive relief, dismissal of any Defendant is improper.

While it is true that the statute of limitations is an affirmative defense that a plaintiff need not plead around, when considering a motion to dismiss based on the statute of limitations, the Court must apply state law and "any rules that are an integral part of the statute of limitations, such as tolling and equitable estoppel." *Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012) (quotation omitted).

In Illinois, fraudulent concealment is not a cause of action in and of itself; rather, it is an exception to the time limitations imposed on other, underlying causes of action. *Wisniewski v. Diocese of Belleville*, 943 N.E.2d 43, 72–73 (Ill. App. Ct. 2011). "A plaintiff must plead and prove that the defendant made misrepresentations or performed acts which were known to be false, with the intent to deceive the plaintiff, and upon which the plaintiff detrimentally relied." *Id.* (quoting *Orlak v. Loyola University Health System*, 885 N.E.2d 999, 1009 (2007)).

As previously stated by the Court in its July 2, 2018 Order, when a plaintiff requests application of an equitable tolling doctrine, "the complaint should distinctly state what the discovered fraud actually was and when the plaintiff discovered it, so that the Court may evaluate whether he could have discovered it through the exercise of due diligence." *Greer v. Bank One*, No. 01 C 7352, 2002 WL 1732366, at *3 (N.D. Ill. July 25, 2002), *aff'd sub nom. Greer v. Cty. of Cook, IL*, 54 F. App'x 232 (7th Cir. 2002). "A plaintiff

seeking to use fraudulent concealment to toll a limitations period must establish that the defendant made misrepresentations or performed acts which it knew to be false, with the intent to deceive the plaintiff, and that the plaintiff detrimentally relied on those representations or acts." *Richardson v. City of Chicago*, 314 F. Supp. 3d 999, 1012 (N.D. Ill. 2018) (quoting *Putzier v. Ace Hardware Corporation*, 50 F.Supp.3d 964, 978 (N.D. Ill. 2014)).

In this case, Beatty's Second Amended Complaint alleges Defendants fraudulently concealed their failure to pay statutory interest due by employing various tactics including, but not limited to: transmitting information that was either false or misleading concerning the identity of the insurance carrier for the injured employee, thereby impeding Beatty from enforcing his statutory right to interest; transmitting EOBs with false information including when Defendants received the request for reimbursement from Beatty, so as to make it appear that payment was timely; and failing to provide Beatty with EOBs with regard to claims concluded by settlement or by a decision of an arbitrator or the Workers' Compensation Commission (Doc. 284 at ¶ 19).

He further alleges that the nature of Defendants' actions were meant to mislead and deceive Beatty and other health care providers to prevent them from discovering their injuries, that Beatty and others detrimentally relied on Defendants' omission of information, and that ordinary diligence could not have identified Defendants' efforts to conceal their non-payment of interest (*Id.* at ¶¶ 122-24). Beatty contends he did not discover the alleged fraudulent concealment until late 2016 or early 2017 when counsel informed him that interest had not been paid (*Id.* at ¶ 192). Beatty then provides "examples" of these actions by Defendants, asserting that only Defendants are in

possession of all facts and information concerning their fraudulent concealment actions (*Id.* at ¶¶ 121, 126-175).

Defendants argue that the inclusion of these examples does not excuse the fact that Beatty failed to plead facts demonstrating that he believed he had been paid interest when in reality he had not, that he tried to inquire about unpaid interest but was unable to do so due to this alleged concealment, or why he could not have discovered the failure to pay interest until now.

Accepting all well-pleaded allegations in the complaint as true and drawing all reasonable inferences in Beatty's favor, the Court finds that Beatty has sufficiently pleaded fraudulent concealment under Rule 9(b). The Second Amended Complaint contains detailed allegations regarding Defendants' alleged concealment of their failure to pay statutory interest. And as the Court previously stated in its July 2018 Order, through discovery, Dr. Beatty may uncover additional evidence to further develop his fraudulent concealment claims. Again, the Court finds that dismissal on statute of limitations grounds would be premature—even for those Defendants not named in any of Beatty's examples of concealment. Any arguments on the statute of limitations would be better suited for the summary judgment stage.

That brings the Court to the pending motions for summary judgment filed by Country Mutual Insurance Company (Doc. 302), Federated Mutual Insurance Company (Doc. 356), Cannon Cochran Management Services, Inc. (Doc. 367), and the motions to deny or defer considering those motions for summary judgment under Rule 56(d) filed by Beatty (Docs. 343, 385, 391). As noted by Beatty, this Court ordered the parties to

possession of all facts and information concerning their fraudulent concealment actions (*Id.* at ¶¶ 121, 126-175).

Defendants argue that the inclusion of these examples does not excuse the fact that Beatty failed to plead facts demonstrating that he believed he had been paid interest when in reality he had not, that he tried to inquire about unpaid interest but was unable to do so due to this alleged concealment, or why he could not have discovered the failure to pay interest until now.

Accepting all well-pleaded allegations in the complaint as true and drawing all reasonable inferences in Beatty's favor, the Court finds that Beatty has sufficiently pleaded fraudulent concealment under Rule 9(b). The Second Amended Complaint contains detailed allegations regarding Defendants' alleged concealment of their failure to pay statutory interest. And as the Court previously stated in its July 2018 Order, through discovery, Dr. Beatty may uncover additional evidence to further develop his fraudulent concealment claims. Again, the Court finds that dismissal on statute of limitations grounds would be premature—even for those Defendants not named in any of Beatty's examples of concealment. Any arguments on the statute of limitations would be better suited for the summary judgment stage.

That brings the Court to the pending motions for summary judgment filed by Country Mutual Insurance Company (Doc. 302), Federated Mutual Insurance Company (Doc. 356), Cannon Cochran Management Services, Inc. (Doc. 367), and the motions to deny or defer considering those motions for summary judgment under Rule 56(d) filed by Beatty (Docs. 343, 385, 391). As noted by Beatty, this Court ordered the parties to

engage in discovery before it would make a determination on Defendants' statute of limitations defenses. Instead, these Defendants filed motions for summary judgment based on the examples listed in the original Complaint. No depositions had been taken at the time the motions were filed, Defendants had failed to produce certain documents at that time, and some of the documents that were produced uncovered new patients not referenced in the moving Defendants' motions. Accordingly, the Court grants Beatty's Rule 56(d) motions and denies the motions for summary judgment without prejudice. Defendants are free to refile their motions for summary judgment after discovery has concluded.

## Conclusion

For these reasons, Defendants' Omnibus Partial Motion to Dismiss the Second Amended Complaint Based on the Statute of Limitations (Doc. 296) is **DENIED.** The motions for summary judgment filed by Country Mutual Insurance Company (Doc. 302), Federated Mutual Insurance Company (Doc. 356), Cannon Cochran Management Services, Inc. (Doc. 367) are **DENIED without prejudice**. The motions to deny or defer considering Defendants' motions for summary judgment under Rule 56(d) filed by Plaintiff Michael Beatty, M.D. (Docs. 343, 385, 391) are **GRANTED**.

**IT IS SO ORDERED.**

DATED: June 7, 2019

*[signature: Nancy J. Rosenstengel]*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**