IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL E. BEATTY, M.D., P.C. d/b/a THE SOUTHWESTERN ILLINOIS PLASTIC & HAND SURGERY ASSOCIATES,** individually and as the Representative of a class of similarly-situated persons and entities,<br><br>Plaintiffs,<br><br>v.<br><br>**ACCIDENT FUND GENERAL INSURANCE COMPANY, et al.,**<br><br>Defendants. | Case No. 3:17-CV-1001-NJR |

## FINAL APPROVAL ORDER

On December 7, 2020, the Court held a hearing on Plaintiffs' unopposed motion for final approval of the Settlement Agreement ("Agreement") dated April 2, 2020. Due and adequate notice having been given to the Class, and the Court having considered the Agreement, all papers filed and proceedings held, and all oral and written comments received regarding the proposed settlement, and having reviewed the record in this litigation, and good cause appearing:

**IT IS HEREBY ORDERED AND ADJUDGED AS FOLLOWS:**

1. The Court, for purposes of this Final Order Approving Class Action Settlement ("Final Order"), adopts all defined terms as set forth in the Agreement.

2. On April 3, 2020, this Court preliminarily approved the Agreement reached between Plaintiff and Defendants for the claims alleged in the above-captioned matter

*Michael E. Beatty, M.D., P.C. d/b/a The Southwestern Illinois Plastic & Hand Surgery Associates, individually and as the Representative of a class of similarly-situated persons and entities v. Accident Fund General Insurance Company, et al.*, Case No. 3:17-cv-1001-NJR (the "Action") filed in the United States District Court for the Southern District of Illinois.

3.  The Court approved a form notice for mailing to the class and a form notice for publication. The Court is informed that actual notice was sent by July 31, 2020. From July 30 through July 31, 2020, notice was mailed to 8,650 class members at 16,091 addresses via first class mail. A total of 291 notices were returned by the U.S. Postal Service marked not deliverable with no forwarding addresses available, and 151 notices were returned and re-mailed to a forwarding address. No objections were received or filed. Notice also was provided by publication in the Journal for the American Medical Association on August 25, 2020, banner/search ads began on July 31, 2020, and, a press release was issued via PR Newswire to the State of Illinois on July 31, 2020. Forty-five timely and two untimely requests for exclusion from the Class were made.

4.  The Court finds that the notice required by the Class Action Fairness Act (CAFA), 28 U.S.C. § 1715, to the Director of the Illinois Department of Insurance and the Attorney General of the United States was sent on March 24, 2020, within ten (10) calendar days of Plaintiff's filing its motion for preliminary approval on March 16, 2020.

5.  The Court finds that the terms and provisions of the Agreement, including all appendices thereto, have been entered into in good faith and are fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties to this Action and the Class Members, and in full compliance with all applicable

requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and any other applicable law. The Court further finds that the Settlement was negotiated at arm's-length, and is not the product of fraud, overreaching, or collusion between the Parties.

6. The Court finds the relief provided for the Class is adequate, taking into account the costs, risks, and delay of trial and possible appeal, the effectiveness of the method of distributing relief to the Class and processing claims by Class Members, and the parties' Agreement, which was filed with the Court. The Court also finds that the Settlement in all respects treated class members equitably in relation to one another. The Court has reviewed the method of paying interest under the Settlement Agreement and expressly finds that method is fair and reasonable.

7. The Court approves the Settlement of the Action, as set forth in the Agreement, the release, and other terms as fair, just, reasonable, and adequate as to the Parties. The Parties are directed to perform in accordance with the terms set forth in the Agreement.

8. The Court has personal jurisdiction over Plaintiff, Defendants, and all Class Members, and the Court has subject matter jurisdiction (i) over the causes of action asserted in the Second Amended Complaint; and (ii) to approve the Agreement (including the Releases) and all exhibits and appendices thereto.

9. The Court finds that the distribution of Class Notice forms and the methodology implemented as provided for in the Agreement and Preliminary Approval Order (i) constituted the best practicable notice; (ii) constituted notice that was reasonably

calculated, under the circumstances, to apprise Class Members of the pendency of the Action, their right to object to or exclude themselves from the Settlement and to appear at the Fairness Hearing; (iii) was reasonable and constituted due, adequate, and sufficient notice to all Persons entitled to receive notice; and (iv) fully met the requirements of requirements of the Federal Rules of Civil Procedure (including Fed. R. Civ. P. 23(c)(2) and (e)), the United States Constitution (including the Due Process Clause), the Local Rules of the United States District Court for the Southern District of Illinois, and any other applicable law.

10. Except as to any individual claim of those Persons who have validly and timely requested exclusion from the Class, all claims in the Action are dismissed on the merits and with prejudice, without fees or costs except as provided herein. The Parties are to bear their own costs, except as otherwise provided in the Agreement.

11. Each member of the Class who has not excluded himself, herself, or itself therefrom in accordance with the Preliminary Approval Order shall be bound by the provisions of this Order and the Agreement, including the following Releases, which become effective on the Effective Date:

> (a) As an essential term of the Settlement and in consideration of the benefits and provisions contained in the Agreement, all Class Members (including Plaintiff and regardless of whether the Class Member submits a Claim Form) on behalf of themselves and their respective past, present, or future agents, parent entities (including intermediate and ultimate parents), subsidiary and/or affiliate corporations, Legally Authorized Representatives, representatives, trustees, parents, relatives, estates, successors, heirs, executors and administrators (the "Releasors") promise, covenant, and agree that, upon the Effective Date, the Releasors shall make the following releases:

1. Releasors fully and irrevocably release, acquit, and forever discharge Defendants and their past, present, and future parent entities (including intermediate and ultimate parents), subsidiaries, affiliates, predecessors, successors and assigns, and each of their respective past, present, and future agents, officers, directors, employees, representatives (including but not limited to Legally Authorized Representatives), attorneys, heirs, administrators, executors, and insurers from any liability for the Released Claims;

2. Releasors hereby release, acquit, and forever discharge non-party insurance carriers (other than Defendants) and self-insured employers on behalf of whom any TPA Defendant administered claims under workers compensation policies during the Class Period, their past, present, and future parent entities (including intermediate and ultimate parents), subsidiaries, affiliates, predecessors, successors and assigns, and each of their respective past, present, and future agents, officers, directors, employees, representatives (including but not limited to Legally Authorized Representatives), attorneys, heirs, administrators, executors, and insurers from any liability for the Released Claims, which include only claims that were or could have been brought in this Action against Defendants; and

3. Releasors hereby release, acquit, and forever discharge non-party TPAs that administered claims on behalf of any Defendant and their past, present, and future parent entities (including intermediate and ultimate parents), subsidiaries, affiliates, predecessors, successors and assigns, and each of their respective past, present, and future agents, officers, directors, employees, representatives (including but not limited to Legally Authorized Representatives), attorneys, heirs, administrators, executors, and insurers from any liability for the Released Claims, which include only claims that were or could have been brought in this Action against Defendants.

(b) All Class Members hereby agree that they shall not hereafter seek to sue or otherwise establish liability against any Released Person based, in whole or in part, on any of the Released Claims.

      (c)    IN ADDITION, EACH CLASS MEMBER HEREBY EXPRESSLY WAIVES AND RELEASES, UPON THE EFFECTIVE DATE, ANY AND ALL PROVISIONS, RIGHTS, AND BENEFITS CONFERRED BY § 1542 OF THE CALIFORNIA CIVIL CODE OR ANY OTHER STATUTE, LAW OR PRINCIPLE OF COMMON LAW, WHICH IS SIMILAR, COMPARABLE, OR EQUIVALENT TO § 1542 OF THE CALIFORNIA CIVIL CODE, WHICH READS:

      1.    "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR."

      (d)    Nothing contained in the Agreement shall preclude the enforcement of the terms of the Agreement or this Final Approval Order and Judgment.

12.    For the purposes of the foregoing Release, "<u>Released Claims</u>" means and includes any and all known claims and Unknown Claims, including those accruing before the Class Period, rights, demands, actions, causes of action, or suits of whatever kind or nature, debts, liens, liabilities, agreements, interest, costs, expenses, attorneys' fees, losses, or damages (whether actual, consequential, treble, statutory, and/or punitive or exemplary or other) arising from or in any way related to allegations concerning Defendants' (or their agents') payment of interest (or calculations thereof) on invoices requesting payment for medical or other healthcare (or healthcare related) services rendered to injured workers insured under workers compensation policies issued and/or administered by Defendants: (i) which were paid thirty-one (31) days or more after receipt of the invoice; (ii) which were allegedly paid in violation of the IWCA and the ICFA; or (iii) which were brought or could have been brought in the Action against

Defendants. This definition explicitly excludes (i) claims for allegedly unpaid interest on late-paid claims by any Defendant on behalf of the State of Illinois as employer; and (ii) any claim or cause of action for enforcement of the Agreement and/or this Final Approval Order and Judgment.

13. For purposes of the Paragraphs 9 and 10 herein, the term "Unknown Claims" means any claims arising out of facts found hereafter to be other than or different from the facts now believed to be true, relating to any matter covered by this Agreement, as to any of the Released Claims, as specifically defined above, so that each Class Member shall be deemed to have expressly waived any and all Unknown Claims relating to any matter covered by the Agreement to the full extent permitted by law, and to the full extent of claim preclusion and *res judicata* protection.

14. Solely for purposes of effectuating this Settlement this Court has certified the following class of persons who satisfy the following criteria. The Class is defined to include:

> All Illinois Physicians and/or Healthcare Providers who (i) submitted an invoice for reimbursement of services in connection with the treatment of an employee covered by the provisions of the IWCA to a Defendant (or its agent) that was paid from August 19, 2014 through the date of Preliminary Approval; (ii) were paid more than thirty (30) days after the invoice was received by the Defendant (or its agent); and (iii) were not paid any interest on that invoice, but excludes Persons meeting the foregoing criteria who timely exclude themselves from the Class.
>
> While any Illinois Physician or Healthcare Provider may be a Class Member based on the criteria set forth above, no Class Member can submit claims handled by any Defendant on behalf of the State of Illinois. Such claims are excluded from this Settlement.

15. The Simon Law Firm, P.C., 800 Market Street, Suite 1700, St. Louis, Missouri 63101, and The Wendt Law Firm, 1015 Locust Street, Suite 1036, St. Louis, Missouri, 63101 have been appointed as Class Counsel.

16. The Court finds that the stipulated Class meets the requirements of Rule 23 for the settlement purposes only. Specifically, the Court finds that:

    (a) The Class is so numerous that joinder is impracticable;

    (b) There are questions of law and fact common to the members of the Classes, which common questions predominate over any questions that affect only individual Class Members;

    (c) Plaintiff's claims are typical of the claims of the Class Members;

    (d) Plaintiff and Class Counsel have fairly and adequately represented the interests of the Class Members;

    (e) A class action is superior to other alternative methods of adjudicating the issues in dispute between the Parties.

17. Excluded from the Class are: 45 potential Class Members who timely and validly requested exclusion or opted out. Each of the foregoing Persons are identified on the Opt-Out List.

18. The Opt-Out List is hereby approved, and it is determined that Opt-Out List is a complete list of all Class Members who have timely requested exclusion from the Class and, accordingly, shall neither share in nor be bound by the Final Judgment.

19. Neither the Agreement nor the Settlement contained therein, nor any act performed, or document executed pursuant to or in furtherance of the Agreement or the Settlement:

    (a) is or may be deemed to be or may be used as an admission of, or

     evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Persons; or

 (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; or

 (c) shall be offered or received in evidence or used as precedent in any action or proceeding in any court, administrative panel or proceeding, or other tribunal, as an admission or concession of liability or wrongdoing of any nature on the part of Defendants; or

 (d) shall be deemed an admission by Defendants that certification of a class or subclass is appropriate in any other litigation, or otherwise shall preclude Defendants from opposing or asserting any argument it may have with respect to certification of any class(es) or subclass(es) in any proceeding.

20. The Agreement and Order are binding on and have *res judicata* and preclusive effect in all pending and future lawsuits in federal or state court or in any other legal, administrative or regulatory proceedings that are commenced or maintained by or on behalf of Plaintiff or any other Class Member or Releasor. The Agreement and this Order may be used in any other action in order to support a defense or counterclaim based on the existence of the Agreement, such as *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or the like.

21. The Court hereby bars and enjoins (i) all Class Members who have not been excluded from the Class, from filing, commencing, continuing, prosecuting, intervening in, participating (as a class member or otherwise) in, or receiving any benefits or other relief from any lawsuit (including a potential class action lawsuit), administrative, regulatory, or other proceeding in any jurisdiction that is based on or relates to the

Released Claims or the claims or allegations that were raised in the Second Amended Complaint and this Action; and (ii) all Persons from organizing anyone that could have been a Class Member in this Action for purposes of pursuing, filing, commencing, prosecuting, or continuing as a purported class action any lawsuit against the Released Persons (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) that is based on or relates to the Released Claims or the allegations that were raised in the Second Amended Complaint or this Action.

22. The Court has reviewed Class Counsel's petition for attorneys' fees of $3,000,000.00 and costs and expenses of $25,000.00. The Court finds that Class Counsel's petition is fair and reasonable.

23. The Court has reviewed the request for Plaintiff's Incentive Award in the amount of $20,000. The Court finds that the Incentive Award is fair and reasonable.

24. The Parties are hereby authorized, without further approval from this Court, to agree and adopt non-substantive amendments and modifications of this Agreement and all appendices thereto as are consistent with this Order.

25. Neither the Court nor the Parties and their counsel have rendered any opinion concerning the tax consequences of the Settlement to Class Members, and no representations or warranties regarding such tax consequences are made in the Agreement. Class Members must consult their own tax advisers regarding the tax consequences of the Settlement, including any payments or credits provided or relief awarded under the Settlement and any tax reporting obligations under it.

26. There is no just reason to delay the enforcement or appeal of this Order.

27. This Final Judgment is a final order in the Action within the meaning and for the purposes of Rules 23(e), 41, and 54 of the Federal Rules of Civil Procedure as to all claims among Defendants on the one hand, and the Plaintiff and all Class Members on the other, and there is no just reason to delay enforcement or appeal. Without in any way affecting the finality of this Final Judgment for purposes of appeal, this Court shall retain continuing jurisdiction over this Action for purposes of:

    A. Enforcing this Final Order, the Agreement and the Settlement;

    B. Resolving any disputes or issues relating to administration of the Settlement;

    C. Interpreting the Agreement and the Settlement;

    D. Hearing and determining any application by any Party to the Agreement for a settlement bar order; and

    E. Any other matters related or ancillary to any of the foregoing.

**IT IS SO ORDERED.**

**DATED: December 7, 2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**